IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ELIZABETH DIAL JORDAN, | : | |
| Plaintiff, | : | |
| vs. | : | CA 16-0522-CG-C |
| BLACKWELL TOWING, | : | |
| Defendant. | | |

### SUPPLEMENTAL REPORT AND RECOMMENDATION

This cause is back before the Magistrate Judge for issuance of a supplemental report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(S), on plaintiff's motion to remand complaint and reimburse filing fee, a motion filed twice on November 11, 2016 (*compare* Doc. 9 *with* Doc. 10). Upon consideration of plaintiff's most recently filed motion (*see id*.), along with the contents of the undersigned's October 27, 2016 Report and Recommendation (Doc. 8), the Magistrate Judge enters this supplemental report and recommendation that the Court **DENY** plaintiff's motion to remand complaint and reimburse filing fee (Doc. 9; *see also* Doc. 10 (identical motion)).

The undersigned does not again set forth the facts underlying this case, as all relevant facts can be discerned from a perusal of the October 27, 2016 Report and Recommendation (Doc. 8, at 1-4). However, the undersigned does emphasize that plaintiff's action was not originally filed in state court and removed to this Court; instead, the plaintiff originally filed her complaint in this Court on October 7, 2016. (*See* Doc. 1.) Moreover, in reaching the determination in the October 27, 2016 Report and Recommendation that this Court lacks subject matter jurisdiction based on federal

question jurisdiction (because complete preemption does not exist), the undersigned noted the following: "In truth, the best that plaintiff has established is that she has pleaded a state-law cause of action that may be preempted by 49 U.S.C. § 14501(c)(1). Therefore, should Jordan *choose to file a complaint against Blackwell Towing in state court*, it will be up to that court to determine whether her state-law claims are preempted by § 14501(c)(1) should the defendant raise such defense." (Doc. 8, at 9 (emphasis supplied).)

In her motion, plaintiff moves "to remand the case to the Mobile County Circuit Court pursuant to 28 U.S.C. section 1447(c)[.]" (Doc. 9; *see also* Doc. 10 (identical motion).) Section 1447(c) reads, in its entirety, as follows:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

28 U.S.C. § 1447(c). As recognized by the Supreme Court in *Wisconsin Dept. of Corrections v. Schacht,* 524 U.S. 381, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998), the statutory section that contains this provision deals "with the procedures that a federal court is to follow *after removal* occurs." *Id.* at 392, 118 S.Ct. at 2054 (emphasis supplied), citing 28 U.S.C. § 1447 (entitled "Procedure after removal generally[]"); *see id.* at 390, 118 S.Ct. at 2053 ("[F]or purposes of removal jurisdiction, we are to look at the case as of the time it was filed in state court[.]"). Because this action was not removed from state court to federal court, it having been filed originally by plaintiff in this Court (Doc. 1), § 1447(c) has no application and plaintiff's motion to remand is due to be **DENIED**. In other words, a request for remand in accordance with § 1447(c) is necessarily dependent upon

removal of an action from state court to federal court, *compare* 28 U.S.C. § 1447(c), *supra*, *with* 28 U.S.C. § 1447(a) & (b) ("In any case removed from a State court, the district court may issue all necessary orders and process to bring before it all proper parties whether served by process issued by the State court or otherwise. . . . It may require the removing party to file with its clerk copies of all records and proceedings in such State court or may cause the same to be brought before it by writ of certiorari issued to such State court."), and since this action was not removed from a state court to this Court it cannot be remanded to any state court.

Turning to plaintiff's request for reimbursement of the $400.00 filing fee, the undersigned simply notes this request should be **DENIED** inasmuch as Jordan cites no authority for refund of the statutory filing fee, *see* 28 U.S.C. § 1914, and what authority exists would appear to direct a finding that no refund is due, *cf., e.g., Ludy v. Nelson*, 2014 WL 2003017, *1 (M.D. Ga. Apr. 18, 2014) ("Plaintiff Mitchell Ludy, who is currently confined at Dooly State Prison in Unadilla, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. . . . [T]he undersigned finds that Plaintiff is currently unable to pre-pay the entire filing fee. Plaintiff's Motions to Proceed *in forma pauperis* are thus **GRANTED**.  This does not mean that the filing fee is waived. Plaintiff is still required to eventually pay the full amount of the $350.00 filing fee using the payment plan described in 28 U.S.C. § 1915(b). The filing fee *is not refundable*, regardless of the outcome of Plaintiff's case, and ***Plaintiff is responsible for paying the entire filing fee even if his lawsuit is dismissed prior to service.***" (emphasis supplied)), *report and recommendation adopted,* 2014 WL 2003096 (M.D. Ga. May 15, 2014).

## CONCLUSION

Based upon the foregoing, the Magistrate Judge recommends that the Court **DENY** the plaintiff's motion to remand complaint and reimburse filing fee (Doc. 9; *see also* Doc. 10 (identical motion)).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. L.R. 72.4. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 15th day of November, 2016.

        s/WILLIAM E. CASSADY
        **UNITED STATES MAGISTRATE JUDGE**